UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Edward Green
        Plaintiff,　　　　　　　　　　　　　　**Amended Complaint**
　　　　　　　　　　　　　　　　　　　　　　1:15-cv-00357-ERK-RML
vs.

Federal Express Corporation Long-Term Disability Plan,
Aetna Life Insurance Company
        Defendant
-----------------------------------------------------------x

Plaintiff respectfully alleges:

The plaintiff, Edward Green, by his attorney, Louis R. Burko, complaining of the Defendant does hereby allege and say that:

1. This is an action arising under the Employment Retirement Income Security Act of 1974, as emended [ERISA], 29 U.S.C. Sec.1001 et. Seq., to recover benefits due under an employee benefit plan to clarify the rights of Plaintiff to future benefits under such plan and to recover attorney's fees and costs.
2. This Court has subject matter jurisdiction pursuant to Section 502 (e) (i) of ERISA, 29 U.S.C. Section 1132 (e) (i) and 28 U.S.C. Section 1331. Under Section 502 (f) of ERISA, 29 U.S.C. Sect 1132 (f), this court has jurisdiction without respect to the amount in controversy of citizenship of the parties.
3. Venue is properly in this district to Section 502 (e) (2) of ERISA, 29 U.S.C. Sec. 1132 (e) (2) in that the plain as hereinafter is defined is administered in this district and the Plaintiff resides or may be found in this district.
4. At all relevant times, Plaintiff was and is an employee of FedEx.
5. At all relevant times, Plaintiff was and is a participant within the meaning of Section 3 (7) of ERISA, 29 U.S.C. Sec 1002 (7) in the group Short Term Disability and Long Term Disability Plan (hereinafter referred to as the Plan) Purchased by Federal Express Corporation (Hereinafter FedEx).
6. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. Sec. 1002 (1).
7. At all relevant times, Defendant is and has been the claims and benefits administrator of the Plan within the meaning of ERISA Sec 3 (16)(A), 29 U.S.C. Sec 1002 (16)(A), and is and has been a fiduciary under the Plan within the meaning of ERISA Sec. 3 (21)(A), 29 U.S.C. Sec. 1002 (21)(A).

8. The benefits under the plan are funded by Defendant FEDEX.
9. Upon information and belief, FEDEX is the Plan Administrator for the Plan and its employees.
10. At all relevant times, Plaintiff was and is employed by the Defendant FEDEX as a Courtier/DOT.
11. As an employee of Defendant FEDEX, Plaintiff was provided with long-term disability insurance coverage under the plan.
12. Plaintiff was rendered totally disabled within the meaning of the Plan and ceased work at the time.
13. Plaintiff had not returned to work since that day due to his disability.
14. Plaintiff filed a claim for Long Term Disability benefits under the plan.
15. Said application was granted and Plaintiff received Long Term Disability benefits under the Plan from May 28, 2009 through May 27, 2011/
16. By letter dated July 22, 2011 defendant AETNA notified Plaintiff that his claim has terminated effective May 27, 2011 and no benefits would be payable beyond said date.
17. Plaintiff appealed AETNA's denial of benefits.
18. By letter dated January 23, 2012, AETNA denied Plaintiff's final appeal of the termination benefits.
19. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

20. Since MAY 28, 2009, Plaintiff has been disabled as defined under the terms of the Plan.
21. The decision by AETNA that plaintiff is not disabled within the meaning of the plan is contrary to the terms of the Plan and is not supported by the evidence.
22. As a direct and proximate result thereof based on the evidence submitted to AETNA establishing that the Plaintiff met the definition of the disability under the terms of the Plan continuously since May 29, 2009. Plaintiff is entitled to payments of his monthly disability insurance payments retroactive from the date those benefits were terminated as well as all future benefits under the Plan.
23. Upon information and belief, the reviewers of the appeal of the denial of benefits were comprised entirely of employees of the Defendant AETNA.
24. Upon information and belief, there existed no established criteria for determining and appeal.
25. Upon information and belief, a conflict of interest exists in the review process in that AETNA has a financial interest in denying claims.
26. Upon information and belief, AETNA's denial of Plaintiff's claim for benefits was affected by its conflict of interest.
27. Under Sections 502 (a)(1)(B) of ERISA, 29 U.S.C. Sec 1132 (a)(1)(B), Plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date as well as those that will become due in future.

## COUNT II

28. Plaintiff repeats and re-alleges the allegation of paragraphs 1 through 27 above.

29. By reason of AETNA's failure to pay Plaintiff long term disability benefits as due under the term of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney fees.
30. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action pursuant to Section 502 (g)(1) of ERISA, 29 U.S.C. Sec 1131 (g)(1).
31. WHEREFORE, Plaintiff demands judgement against Defendant as follows:
    a. For the amount of all long-term disability benefits of the Plan that have no ben paid, together with interest thereon.
    b. Clarifying and declaring that the Plan is obligated to pa Plaintiff's long term disability benefits in the future as required by the Plan.
    c. For the costs of this action and Plaintiff's attorney fee pursuant to Section 502 (g) of ERISA 29, U.S.C. Sec 1132 (g) and
    d. For such other and further relief as may be deemed just and proper by the Court.
    e.

Respectfully submitted this 30th day of June, 2015

Respectfully Submitted,

Louis R. Burko
Severance, Burko, Spalter
& Masone PC
Attorney for Plaintiff
16 Court Street, Suite 2400
Brooklyn, NY 11241
(718) 625-2300

## ATTORNEY'S VERIFICATION

**United States District Court )**
**Eastern District of New York   )**

I Louis Burko, an attorney at law hereby affirms pursuant to the C.P.L.R. and subscribing as true under penalty of perjury, as follows:

I am the attorney of record for the Plaintiff(s) in the entitled action.

I have read the foregoing Complaint and know the contents thereof; that same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe the same to be true.

This verification is made by the affiant and not by the Plaintiff(s) because said do(es) not reside within the county in which I maintain my office for the practice of law.

The grounds of affiant's belief as to all matter not stated upon affiant's knowledge are as follows: **Books, record and notes maintained by my office and conversations with others.**

Dated: June 30, 2015
Brooklyn, New York

_____
Louis R. Burko, Esq.